### E. P. Mueller v. Charles H. Holm.

1. PRACTICE—*Admission of Testimony, When Harmless Error.*— Where testimony is immaterial and inconsequential, is admitted without objection, and no motion is made to strike it out, its admission is not cause for a reversal of the judgment.

**Assumpsit,** on a promissory note. Appeal from the Circuit Court of Cook County; the Hon. JOHN C. GARVER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed April 4, 1902. Rehearing denied April 18, 1902.

In this action Charles H. Holm, who was acting as a life insurance agent for the Equitable Life Assurance Society of the United States, recovered judgment on a note given by appellant, E. P. Mueller, for the amount of the premium on a life insurance policy to be issued to him by said life assurance society, which note was payable to the order of appellee.

NORMAN A. LOUGH, attorney for appellant.

DENEEN & HAMILL, attorneys for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

It is urged in this case that the finding of the jury and judgment of the Circuit Court are so manifestly against the evidence that this court ought to set the same aside. We have examined the abstract and the argument of counsel and are of the opinion that the verdict was in accordance with the weight of the evidence.

Nor do we find any error as to the admission or rejection of evidence such as would warrant a reversal of the judgment.

The court might with propriety have allowed appellant to answer the question as to whether appellee had testified that there had been no settlement made with the company as to the amount he had paid the company " on this assumed indebtedness; " nevertheless, we are not prepared to say that the court's refusal so to do was error.

Whether appellee had settled with the company was immaterial.

Appellee's testimony that he had settled was not only received without objection, but appellant did not move to strike it out; it was, moreover, not only immaterial but inconsequential.

The judgment of the Circuit Court is affirmed.